**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2009
Decided October 6, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3821

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:08-CR-00066 |
| RAYSHAWN A. HOLLOWAY, *Defendant-Appellant*. | Robert L. Miller, Jr., *Chief Judge*. |

**O R D E R**

Rayshawn Holloway pleaded guilty to two counts of bank robbery. *See* 18 U.S.C. § 2113(a). In his plea agreement, he promised to forgo any appeal of his conviction or sentence. The district court sentenced him to concurrent, 120-month terms of imprisonment. Holloway appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Holloway opposes dismissal of his appeal. *See* CIR. R. 51(b).

In his Rule 51(b) response, Holloway proposes to challenge his sentence but informs us that he does not wish to have his guilty plea set aside. Counsel thus appropriately omits any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). But because the appeal waiver in the plea agreement stands or falls with the guilty plea, *United States v. Wilson*,

481 F.3d 475, 483 (7th Cir. 2007); *United States v. Nave,* 302 F.3d 719, 721 (7th Cir. 2002); *United States v. Hare,* 269 F.3d 859, 860-61 (7th Cir. 2001), any appellate issue concerning Holloway's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.